# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **CLAUDIA MARTIN** | § |
| | § |
| | §   **CIVIL ACTION NO.**_____ |
| **VS.** | § |
| | §   **JURY** |
| | § |
| **TEKNOR COLOR COMPANY** | § |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

### I. JURISDICTION AND PARTIES

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1343 (4); 42 U.S.C. § 2000e-5(f); and Section 107(a) of the Americans with Disabilities Act (hereinafter "ADA"), 42 U.S.C. § 12117, which incorporates by reference § 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5.  The jurisdiction of this Court is also invoked to secure protection of and to redress depravation of rights secured by (a) 42 U.S.C. Section 2000e et. seq. as amended by the Civil Rights Act of 1991, providing for relief against discrimination in employment and (b) 42 U.S.C. Section 1981, as amended by the Civil Rights Act of 1991, providing for equal rights of all person and every state and territory and the jurisdiction of the United States.

1. All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. § 2000e-5(f)(3), have occurred or been complied with.

   (a) A charge of employment discrimination on the basis of disability was filed with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the commission of the unlawful employment practice alleged herein.

   (b) A Notification of Right to Sue was received from the EEOC on May 14, 2009.

   (c) This Complaint has been filed within 90 days of receipt of the EEOC's Notification of Right to Sue.

2. Plaintiff, CLAUDIA MARTIN, is a citizen of the United States and the State of Texas who resides in Jacksonville, Cherokee County, Texas.

3. All the discriminatory employment practices alleged herein were committed within the State of Texas.

4. Defendant, TEKNOR COLOR COMPANY is a foreign corporation that is and continuously has been doing business in the State of Texas. Defendant is not in good standing in the state of Texas. Defendant may be served by delivering a copy of this Complaint to its Registered Agent for Service in its state of incorporation, Rhode Island, Norman D. Orodenker, 10 Weybosset Street, 10th Floor, Providence, Rhode Island 02903, where process may be served.

5. Teknor Color Company is a "person" within the meaning of § 101(7) of the ADA, 42 U.S.C. § 12111(7), and § 701 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

6. Teknor Color Company is engaged in an industry that affects commerce within the meaning Section 701 of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

7. Teknor Color Company has continuously and does now employee more than fifteen (15) or more employees.

## II. STATEMENT OF FACTS

8. Plaintiff was employed by Teknor Color Company as a Lead Operator from August 25, 2003 until September 4, 2008. Plaintiff was the only female working in Defendant's warehouse. In September 2006, Plaintiff injured her back on the job which left her with permanent working (weight) restrictions. In August 2008, Defendant changed Plaintiff's position from Lead Operator to Crew Leader. Plaintiff was given a sheet listing certain changes that had to be made within thirty (30) days or risk losing her position or be demoted. Although Plaintiff completed the required changes, she was told that she was not meeting the standards to be a Crew Leader. Defendant contemplated demoting Plaintiff to Line Operator or Shipping Clerk but due to her restrictions,

Defendant stated the Plaintiff did not qualify to work as an operator and was therefore terminated. Plaintiff's replacement was a male. Defendant failed to accommodate Plaintiff's disability and/or engage in the interactive process for deciding on an accommodation.

### III. FIRST CLAIM FOR RELIEF

9. From the time of Plaintiff's diagnosis, Plaintiff has been an individual with a "disability" within the meaning of Section 3(2) of the Americans with Disabilities Act, 42 U.S.C. § 12102(2). More particularly, Plaintiff has a physical impairment that substantially limits one or more of her major life activities, has a record of such an impairment, and was regarded by Teknor Color Company as having such an impairment.

10. Plaintiff is a "qualified individual with a disability" as that term is defined in § 101(8) of the ADA, 42 U.S.C. § 12111(8). More specifically, Plaintiff is an individual with a disability who, with reasonable accommodation, can perform the essential functions of her job as Lead Operator and then Crew Leader in Defendant's warehouse.

11. Despite requests, Teknor Color Company refused to make reasonable accommodation to Plaintiff.

12. The Teknor Color Company's failure to make reasonable accommodation to Plaintiff's physical disability constitutes discrimination against Plaintiff with respect to terms, conditions, or privileges of employment. Teknor Color Company's actions constitute a violation of Section 102(b)(5)(A) of the ADA, 42 U.S.C. § 12112(b)(5)(A).

13. Teknor Color Company failed to undertake any good faith efforts, in consultation with Plaintiff, to identify and make a reasonable accommodation with Plaintiff.

14. In failing to make reasonable accommodation to Plaintiff's physical disability, Teknor Color Company acted with malice or with reckless indifference to the federally protected rights of Plaintiff.

## IV. SECOND CLAIM FOR RELIEF

15. At all times relevant hereto, Defendant has enacted and effected policies and practices of unlawful and systematic exclusion of and discrimination against Plaintiff, as a female by *inter alia*:

    (a) Failing to equalize conditions of employment for Plaintiff as contrasted with male employees;

    (b) Adopting unreasonable, unwarranted, and arbitrary standards and conditions of employment designed to discriminate against Plaintiff because of her sex.

16. Plaintiff requests trial by jury.

## V. RELIEF REQUESTED

Plaintiff requests the judgment of this Court against Defendant, Teknor Color Company as follows:

(a) Find and hold that Plaintiff has suffered from Defendant's acts of discrimination on the basis of disability;

(b) Find and hold that Plaintiff has suffered from Defendant's deliberate decision to terminate Plaintiff's employment on the basis of disability;

(c) Order that Plaintiff be awarded the back pay she would have earned, with related monetary benefits and interest thereon;

(d) Order that Plaintiff be awarded actual damages for lost back wages, lost future wages, and lost benefits as a direct result of Defendant's discriminatory employment practices described above.

(e) Award Plaintiff compensatory damages in an amount to be determined at trial of this matter;

(f) Award Plaintiff her attorney fees, including litigation expenses, and the cost of this action;

(g) Award Plaintiff exemplary damages in an amount in excess of the minimum jurisdictional limits of this Court; and

(h) Grant such other and further relief as may be just and proper.

Respectfully submitted,

/s/_____
William S. Hommel, Jr.
State Bar No. 09934250
WILLIAM S. HOMMEL, JR., P.C.
130 Shelley Dr., Suite C
Tyler, Texas 75701
(903) 596-7100
(903) 596-7464 Fax

ATTORNEY FOR PLAINTIFF